FILED
U.S. DISTRICT COURT
    DIV.
2011 JUN 16 AM 10: 40
CLERK K Our
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ESTEBAN RIVERA-LEBRON,

  Petitioner,

v.           CIVIL ACTION NO.: CV211-073

ANTHONY HAYNES, Warden;
FEDERAL BUREAU OF PRISONS,
and UNITED STATES ATTORNEY
GENERAL'S OFFICE,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Esteban Rivera-Lebron ("Lebron"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondents[1] filed a Motion to Dismiss, and Lebron has filed a Response. For the following reasons, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Lebron was convicted in the District of Puerto Rico after pleading guilty to conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. Lebron was sentenced to 262 months' imprisonment. (Doc. No. 6-1, pp. 2, 10). Lebron was also convicted in the District of Puerto Rico after he pled guilty to conspiracy to distribute cocaine, also in violation of 21 U.S.C. § 846. (Doc. No. 6-2, p. 3). Lebron

---

[1] The only proper respondent in a § 2241 petition is the warden of the facility where the petitioner is housed. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

was sentence to 270 months' imprisonment, to be served concurrently with the sentence he received from his first conviction. (Id. at p. 12). Lebron filed an appeal in both cases, which were consolidated, and the First Circuit Court of Appeals affirmed his convictions and sentences. (Doc. No. 6, p. 3).

Lebron filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Lebron contended that his aggregate sentence was above the Guidelines range, he received ineffective assistance of counsel, and that the career offender guideline was not applied properly. The trial court denied Lebron's motion. Rivera-Lebron v. United States, No. 04-1881CCC, 2005 WL 3263061 (D. P.R. Nov. 29, 2005). Lebron unsuccessfully appealed this denial. (Doc. No. 6, p. 3).

In this petition, Lebron contends that a fundamental defect occurred during his sentencing, as he was treated as a career offender, but he did not receive a 21 U.S.C. § 851 notice from the Government that he was subject to an enhanced sentence based on his prior convictions. Respondent asserts that Lebron does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

AO 72A
(Rev. 8/82)

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Lebron has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Lebron does not assert that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964)

AO 72A
(Rev. 8/82)

(holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Lebron fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Lebron made the same argument on appeal and in his section 2255 motion as he does in this petition. Simply because the First Circuit Court of Appeals[2] and the District of Puerto Rico denied Lebron's claims does not mean that section 2255's remedy is inadequate or ineffective. (Doc. No. 6-3, p. 10). Lebron has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Lebron has not satisfied the requirements of §

---

[2] The First Circuit noted that Lebron's challenge to the application of the career offender status failed because he explicitly conceded in his plea agreement that he should be sentenced as a career offender. (1st Cir., No. 02-2051, Dkt. Entry dated Aug. 13, 2003).

AO 72A
(Rev. 8/82)

2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Lebron cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Lebron is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED** and that Lebron's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)